# IN THE OREGON TAX COURT

Leroy and Delores MOSER

*v.*

DEPARTMENT OF REVENUE

(TC 3028)

Delores Moser represented plaintiffs.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiffs rendered March 8, 1991.

**CARL N. BYERS, Judge.**

Plaintiffs' home was burglarized in December, 1983, while they were on a trip to California. The burglars took a large coin collection, gold dust, jewelry and caused some damage. Police investigated the crime but none of the goods were recovered. Plaintiffs received a small reimbursement from their insurance company. They claimed a theft loss on their amended 1983 income tax return of $21,243. Defendant audited plaintiffs' return and denied any loss deduction for the coin collection and the jewelry.

■■ A taxpayer claiming a theft loss must prove ownership of the property stolen, its fair market value and the taxpayer's basis (cost) in the property. A theft loss is expressly limited to the lesser of fair market value or basis. IRC § 165. Further, the amount deductible is limited by two additional conditions: (1) the loss is reduced by $100 per each casualty; (2) a taxpayer may deduct the balance only to the extent it exceeds 10 percent of the taxpayer's adjusted gross income for the year. IRC § 165(h)(1) and (2).

In this case there is no question that a theft of plaintiffs' property occurred. Defendant denied the losses claimed because it found plaintiffs' estimates of fair market value questionable. Also, plaintiffs did not prove their basis in the property.

The primary item of concern is the coin collection. Mrs. Moser testified that the quality of the coins in the collection was above average. She estimated fair market value by taking a list of the coins and looking up their value in coin catalogs for the year 1983. Those catalogs showed a high, average and low value. The high value for the coins listed was $264,283, while the low value was $42,458. Plaintiffs also obtained an estimate of value from a coin dealer from whom they purchased some of the coins. Based upon plaintiffs' representation that all of the coins were above average and the dealer's knowledge of the coins they purchased from him, he estimated the value at $41,000 wholesale.

Defendant reasonably challenges plaintiffs' position. Mrs. Moser was vague in her knowledge of how coins are graded. She was unable to give specific information about the grades of the coins in the collection. Consequently, the possible range of values for the coins is extremely broad. Further, the emphasis in Mrs. Moser's testimony was on value rather than on plaintiffs' basis in the property. Mrs. Moser contends using one-half of wholesale value is a reasonable estimate of cost.

■ In dealing with theft losses of coin collections, the courts recognize a taxpayer may have difficulty proving basis. Many taxpayers are unable to produce written receipts for coins acquired over a long period of time. In such cases, the courts have determined it is appropriate to apply the *Cohan*

rule. In *Cohan v. Commissioner,* 39 F2d 540 (2d Cir 1930), 2 US Tax Cas (CCH) ¶ 489, the appellate court held that if evidence establishes an expenditure, the trial court should allow a deduction consistent with that evidence. When it comes to coin collections, courts have found it necessary to estimate basis.

> "The absence of adequate records, however, makes it difficult to determine his basis in the stolen coins. Our duty, therefore, is to make as close an approximation as we can of his loss, weighing heavily against the taxpayer because the inexactitude is of his own making." *Ezerins v. Commissioner,* 48 TCM (CCH) 107, 108 (1984).

In this case the evidence established that plaintiffs had an extensive collection (1,796 coins). The collection normally was kept in a bank safe-deposit box. The collection was acquired over a period of 35-plus years. While some of the coins were received as gifts, most of them were purchased from coin shops at retail prices. Mrs. Moser testified plaintiffs purchased coins from coin shops after they accumulated money to make such an investment. She testified they would spend $300 to $400 each time. Mrs. Moser did not have any estimate of the amount spent per year. She estimated approximately 15 to 20 percent of the coins were purchased from banks.

For purposes of this decision the court assumes the coins purchased from banks were purchased at face value. Likewise, coins acquired by gift from Mr. Moser's parents would have a low basis because of the evidence that the parents were of modest means.

The court finds it unlikely any of plaintiffs' rare coins were purchased at or near market value. For example, plaintiffs list Liberty dimes, having a value of $3,600 each, and a 1932 quarter, having a value of $5,250. The court believes these coins were probably acquired for much less than their 1983 estimated market values. The court also concludes it is probable that recent coins, *i.e.,* coins dated 1960 and thereafter, were acquired by plaintiffs at close to their face value.

This somewhat inconclusive evidence makes it difficult for the court to estimate plaintiffs' costs. Nevertheless the court is convinced plaintiffs did invest substantial sums in

their coin collection. If plaintiffs had spent only $300 per year for 20 years, they would have had $6,000 invested in the coins. In reviewing the ages of the coins in the collection, most of which were purchased from dealers, the court concludes plaintiffs spent more than $6,000 over the 35-plus years. After considering all of the evidence, the court estimates plaintiffs' basis in the coin collection to be $8,000. The court finds the fair market value of the coins exceeded plaintiffs' basis in the coins.

Defendant has cited cases where the courts appear to require more or better evidence than produced by plaintiffs. For example, in *Ralph S. Norris,* 51 TCM (CCH) 852 (1986), the court disallowed a theft loss for a coin collection. However, in reviewing those cases, it appears those courts questioned the credibility of the claimants and were often without an estimate of fair market value of the coin collection. Also, in some instances, the court questioned whether a theft loss had even occurred. In this case the court finds Mrs. Moser a credible witness.

Plaintiffs also claimed a theft loss for a ring and a pair of diamond earrings which Mr. Moser purchased and gave to Mrs. Moser. Plaintiffs had the earrings appraised shortly before the theft for insurance purposes at $3,600. However, Mrs. Moser was unable to tell the court how much her husband had paid for the earrings. The court estimates a cost basis for the earrings of $1,500. Plaintiffs produced no evidence of the ring's value or cost.

Finding plaintiffs had a basis of $8,000 in the coin collection and $1,500 in the earrings, plaintiffs are entitled to a refund. Defendant shall recalculate plaintiffs' tax in accordance with these findings and submit its calculations to the court, with a copy to plaintiffs, within 30 days from the date of this opinion. Costs to neither party.